UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:99-CR-21, 3:99-CR-52 |
| V. | ) | (PHILLIPS/ SHIRLEY) |
| | ) | |
| | ) | |
| | ) | |
| BRADLEY D. FARMER | ) | |

ORDER OF DETENTION PENDING REVOCATION HEARING

A detention hearing was held in this case on May 20, 2011. Jeffrey E. Theodore, Assistant United States Attorneys, were present representing the government, and Paula R. Voss, Federal Defender Services was present representing the defendant. Before the detention hearing began, counsel for the defendant stated that the defendant wished to waive his right to a detention hearing at this time, and reserve the right to have a hearing at a later date, if appropriate. Pursuant to the defendant signing a Waiver of Detention Hearing, the defendant is to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated they had no objections. The defendant was present and stated that he knew he would remain in jail pending his revocation hearing. For good cause, and by agreement of the defendant, this detention hearing is waived and the defendant is detained. The defendant is scheduled for a revocation hearing on **Wednesday, June 8, 2011** at **1:30 p.m.,** before the **Honorable Thomas W. Phillips**, United States District Judge.

The defendant is aware of his rights to a prompt detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. The defendant knows that if his detention hearing is waived he will remain in custody while it is continued. The defendant acknowledged in open court that he understands his rights and the consequences of waiving his detention hearing.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1) Defendant be detained.;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

   s/C. Clifford Shirley, Jr.
United States Magistrate Judge